No. 2265.—SUCCESSION OF GEORGE KAISER.—CLAUDEL, Administrator, *v.* THOMAS EDWARDS WILSON.

*A formal decree of a competent court, will protect the purchaser of property at probate sale, and he can not set up in defense, to a demand to comply with his bid, that there being minor heirs interested, the sale should have been authorized by a family meeting. Such defense, if available at all, must be urged against the administrator's tableau.*

APPEAL from Second District Court of New Orleans. *Duplantier, J.* (acting.) *Cotton & Levy,* for appellants. *Duvigneaud & Tissot,* for appellees.

TALIAFERRO, J. Wilson, the defendant, having become the purchaser at a probate sale of certain property of the succession of Kaiser, was proceeded against by the administrator in a rule to show cause why he should not be decreed to comply with the terms of sale. He answered:

*First*—That the necessity, conditions or terms of sale were not advised by a family meeting of the minor children of Kaiser.

*Second*—That the debt for the payment of which the order of sale was obtained is not a debt of the succession or community, but one contracted by the widow of George Kaiser, individually, after the

death of her husband; that the other debts, which are the result of the administration taken by Claudel, the administrator, can be easily satisfied out of the revenues of the property.

The tutrix of the minor heirs of Kaiser intervened, and joined the adjudicatee in his defense, alleging that the sale of the property was ordered without citation or notice to her as tutrix; that the debts to satisfy which the sale was ordered were debts of the minors, and for which they could only be sued in the proper court of the parish of Avoyelles, where they reside; that the debt of Claudel, the administrator, if owing at all, is due by the intervenor and her present husband, and not by the succession of Kaiser.

Judgment was rendered against the defendant, ordering a compliance on his part with the terms on which he purchased the property. The defendant alone appeals.

The defendant, we think, has failed to show sufficient grounds to release him from his obligation to comply with the conditions of the sale at which he became the purchaser of the property. The sale was made under a formal decree of the proper court, and according to the provisions of law. It has been frequently decided that under such sales the purchaser is protected. C. C. 2586, 2601; 6 R. 471; 1 An. 29.

The objections set up by the defendant seem more properly matters, which the heirs and others having an interest in the succession might urge upon the presentation of the administrator's tableau.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.